## Fischli v. Cowan.

*A.* executed a bond to *B.* for 1,000 dollars. *B.* assigned it to *C.*, stating in the assignment that the bond was payable in certain bank paper. *Held*, that the assignee could maintain debt on the bond against the obligor, but that the recovery must be limited to the value of the paper mentioned in the assignment.

Two pleas in bar of the whole action. An issue in law as to one, and in fact as to the other. *Held*, that though the former issue be first tried and found for the plaintiff, he cannot have final judgment until the latter be also found in his favour.

*Thursday,
May 12.*

ERROR to the *Clark* Circuit Court.

Scott, J.—*Fischli* made his promissory note to *Rowan* for 1,000 dollars. *Rowan* assigned the note to *Henderson* payable in commonwealth paper, and at the time of this assignment there were credits endorsed to the amount of 140 dollars. *Henderson* assigned to *Cowan*, the defendant in error, who brought suit against the maker of the note. *Fischli*, the defendant below, pleaded that he had, before the commencement of the action, paid the amount, with all interest then due, to *Cowan*, the assignee of *Henderson*. To this plea there was a replication, denying the payment, and an issue to the country. He also pleaded, that the amount named in the note was, by special agreement of the parties at the time of making the contract, to be discharged in the paper of the bank of the commonwealth of *Kentucky*, which paper he averred was worth 50 cents in the dollar, and no more. To this plea there was a demurrer, and judgment for the plaintiff in the Circuit Court for the sum of 430 dollars debt, and 10 dollars and 82 cents damages, together with costs of suit.

To this judgment it is objected here, that the action should have been covenant and not debt, inasmuch as the note was payable in paper of an uncertain value. We think the objection cannot be sustained. The special assignment by *Rowan*, specifying that it was payable in commonwealth paper, was the

act of one party alone, at a subsequent day, and could not change the nature of the original contract. It amounted to no more than if he had indorsed the note subject to a credit, or to a set-off, to the amount of the difference between cash and the paper specified. Such indorsement would limit the amount to be recovered by the assignee, but could not alter the character of the agreement as originally made, or the action to be brought upon it. But if covenant had been the proper action in this case, what would it have availed the defendant? What injury does he sustain by the alleged error? The judgment against him is for no more than, according to his own averment, the paper was worth, in which the note was payable.

But there is an error in these proceedings, for which the judgment must be reversed. Final judgment was rendered on demurrer, while there remained an issue to the country undetermined (1).

*Per Curiam.*—The judgment is reversed, &c. with costs. Cause remanded, &c.

*Farnham* and *Nelson*, for the plaintiff.
*Dewey*, for the defendant.

(1) *Meylin* v. *Woodford*, ante, p. 286.